UNITED STATES *v.* U-NEAK DINNER FAVORS (INC.) (No. 2189).[1]

1. CONSTRUCTION, PARAGRAPH 347, TARIFF ACT OF 1913—"ORNAMENTAL."

   Imitations of pumpkins, lemons, sprouting onions, and ears of corn are not "ornamental" within the provision of paragraph 347, tariff act of 1913, for "artif cial and ornamental fruits."

2. PLASTER OF PARIS DINNER FAVORS.

   Plaster of Paris pumpkins, lemons, sprouting onions, and ears of corn designed to hold candy and be used as dinner favors should not have been classified as "artificial and ornamental fruits;" under paragraph 347, tariff act of 1913. The decision of the Board of General Appraisers sustaining a protest claiming them to be "manufactures * * * of plaster of Paris," under paragraph 369 is affirmed.

United States Court of Customs Appeals, November 13, 1922.

APPEAL from Board of United States General Appraisers, Abstract 44992.

[Affirmed.]

*William W. Hoppin*, Assistant Attorney General (*O. Igstaedter*, special attorney, of counsel), for the United States.

*Barnes, Chilvers & Halstead* for appellee.

[Oral argument October 3, 1922, by Mr. Hoppin and Mr. Halstead.]

Before SMITH, BARBER, and MARTIN, Associate Judges.

SMITH, Judge, delivered the opinion of the court:

Plaster of Paris pumpkins, lemons, sprouting onions, and ears of corn having a pumpkin-shaped jack-o'-lantern at the base were classified by the collector of customs as artificial fruits and assessed for duty at 60 per cent ad valorem under the provisions of paragraph 347 of the tariff act of 1913, which paragraph, in so far as it is material to the issues here involved, is as follows:

347. * * * artificial or ornamental feathers suitable for use as millinery ornaments, artificial and ornamental fruits, grains, leaves, flowers, and stems or parts thereof, of whatever material composed, not specially provided for in this section, 60 per centum ad valorem.

The importer protested that the merchandise was not dutiable as artificial fruits under paragraph 347, and claimed that the importation should have been classified as manufactures of plaster of Paris, dutiable at 25 per cent ad valorem under paragraph 369, as toys dutiable at 35 per cent ad valorem under paragraph 342, or as manufactures in whole or in part, not provided for, dutiable at 15 per cent ad valorem under paragraph 385. The material parts of the paragraphs relied upon by the importer are as follows:

369. * * * manufactures of * * * plaster of Paris, papier-mâché, * * * or of which these substances or any of them is the component material of chief value, not specially provided for in this section, 25 per centum ad valorem. * * *

[1] T. D. 39316.

342.  *  *  *  and all other toys, and parts of toys, not composed of china, porcelain, parian, bisque, earthen or stone ware, and not specially provided for in this section, 35 per centum ad valorem.

385.  *  *  *  on all articles manufactured, in whole or in part, not provided for in this section, a duty of 15 per centum ad valorem.

The Board of General Appraisers sustained the protest on the ground that the goods in question were manufactures of plaster of Paris within the meaning of paragraph 369, and the Government appealed.

The several articles are hollow dinner favors in chief value of plaster of Paris and are fitted with pasteboard stoppers so as to permit of their use as closed containers of candy. They are pleasing in the sense that they are odd, but it can hardly be said that they are ornamental, giving to that term its ordinary meaning. Sprouting onions, pumpkins, ears of corn, and even lemons do not appeal very strongly to the esthetic emotions, and their color, form, and size are not of such a character or so combined or related one to the other that such products are per se ornamental. Indeed they are not available for any ornamental purpose whatever except possibly that of foils to accentuate the beauty of something else. They are not commonly recognized as ornaments for the table, home, or apparel and theirs is the humble destiny of tickling the palate rather than pleasing the eye. If real sprouting onions, ears of corn, pumpkins, and lemons are not ornamental fruits, it is evident that crude plaster of Paris imitations of them are in no better case. We are therefore constrained to hold that the goods in issue are not ornamental fruits, but manufactures of plaster of Paris, and consequently dutiable at 35 per cent ad valorem under the provisions of paragraph 369 of the tariff act of 1913.

The protest was properly sustained and from that it follows that the decision of the board must be *affirmed.*